IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO.: EP-23-CR-00823 KC |
| | § | |
| ANTONIO SING-LEDESMA | § | |

**DEFENDANT'S MOTION TO QUASH**
**COUNTS 1, 3, AND 4 OF INDICTMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Antonio Sing-Ledesma and files this his Motion to Quash Counts 1, 3, and 4 of the Indictment, arguing the statutes cited therein, are facially unconstitutional, and provides the following in support of same.

I.

A person, including non-citizens, has a right to carry firearms for self-defense in public or at home. See *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010). In its recent decision under *New York Rifle and Pistol Assoc. v. Bruen*, 142 S.Ct. 2111 (2022) the Supreme Court invalidated any intrusion into the individual right to carry a weapon in public for self-defense unless it is firmly rooted in the history of our nation. The Supreme

Court specifically rejected any other analysis in deciding whether a statute or regulation meets the standard of protection of this right.

## II.

The above-referenced counts to the indictment allege possession of a firearm by a Sing-Ledesma, a non-citizen. The facts giving rise to the offenses charged in the aforementioned counts are that the El Paso Police Department responded to a shots fired call and while responding to the call detained the vehicle Sing-Ledesma was the sole occupant and driver for "driving erratically," although no traffic offense was cited or memorialized.  On making contact with Sing-Ledesma, the EPPD patrol officers discovered Sing-Ledesma was shot in the leg, and also subsequently discovered Sing-Ledesma was convicted of a misdemeanor for illegal reentry in January of 2017. The EPPD officers also found misdemeanor amounts of marijuana, after Sing-Ledesma admitted to having possession of same. On subsequent search of Sing-Ledesma's vehicle, the officer discovered a .380 caliber pistol and 11 rounds of ammunition. Sing-Ledesma indicated he was unaware who the individual or individual were that assaulted him with a firearm and wounded him in the leg.

Sing-Ledesma was charged with possession of a firearm by an alien, 18 U.S.C. § 922 (g)(5)(A); possession of ammunition, U.S.C. § 922 (g)(5)(A); and

possession of a firearm with an obliterated serial number, 18 U.S.C. § 922 (K), § 924 (a)(1)(B).  Under *Bruen*, these statutes are facially unconstitutional as it prohibits the lawful act of carrying a firearm in self-defense, and permits regulation of an act wholly authorized by the United States Constitution. See Amend. II, US Const. See also Texas Constitution, Article I, Sec 23. Therefore, this prosecution under authority of the aforementioned statutes is unconstitutional on its face. There is no balancing act or step-by-step analysis which can save it.

III.

The Supreme Court sated in *Bruen*:

"Despite the popularity of this two-step approach, it is one step too many. Step one of the predominant frame work is broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history.  But Heller and McDonald do not support applying means-end Scrutiny in the Second Amendment context.  Instead, the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."

Applying this analysis to the statute(s) in question, it cannot prohibit a person from carrying a firearm/ammunition in public so long as that conduct itself is lawful. Mr. Sing-Ledesma was simply evading those individuals who were intent on taking his life or grievously wounding him with firearms. As a person subjected to unprovoked attack by unknown an unknown individual or individuals, and attempting to evade those individuals attempting to cause him physical injury or

death, and not using the weapon for anything except self-defense, the United States may not charge him with any crime relating to his exercise of his personal right to self-protection under the Second Amendment. See *Bruen*, above.

IV.

There is nothing in the Second Amendment, or the relevant sections of the Texas Constitution, which authorizes Congress or the legislature to intrude on such a vital personal right, even for felons/former criminals/people carrying prohibited weapons. The historical basis for such intrusion is neither established nor permitted. An association between Texas and guns runs deep. From the infamous "Come and Take It" flag raised at the Battle of Gonzales and Davy Crockett firing "Old Betsy at the Alamo to the pistol-carrying cowboy and the storied Texas Ranger, firearms are an integral part of Texas history and the Texas mystique.

Or, consider Dianna Greenwood, executive director of the Texas State Rifle Association, who said the Second Amendment is "more than just words on paper, it's a natural right to defend yourself," and adding that in Texas, she has yet to meet someone who said they remember a time when owning a gun or the ability to own a gun was not a part of a Texas way of life. Greenwood also has said, echoing the culture as recognized by the Bruen decision, "(Guns have) always been a part of who we are . . . [I]t's a natural right to defend your family. It encompasses

everything that we believe and all our Founders did was codify what we already believed."

It is not the status of a person or their choice of weapon; it is the act of self-protection that matters. The simple act of having a weapon "unlawfully" is no longer enough as persons under the Second Amendment in *Bruen* have exactly that historical freedom. Dianna Greenwood got it right. *Bruen* followed.

V.

As the intent of the Founders and the subsequent history do not allow for any other interpretation of this right under the Second Amendment, and since the Second Amendment is a personal right of self-defense and always has been, this law is retroactive to all prior convictions and all matters in the past.

WHEREFORE PREMISES CONSIDERED , the Court should grant this motion, and dismiss the charges and order Sing-Ledesma freed from jeopardy on Count 1, Count 3, and Count 4 of the indictment.

Respectfully submitted,

/s/ Eduardo Solis
Eduardo Solis
901 Wyoming Avenue
El Paso, Texas 79902
915-544-1818
915-544-4068
SBN: 00785012

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was filed with the U. S. District Clerk's Office for the Western District of Texas utilizing the Case Manager Electronic Case File (CM/ECF) system on this the 1st day of August 2023.

/s/ Eduardo Solis
Eduardo Solis

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | NO.: EP-23-CR-00823 KC |
| § | |
| ANTONIO SING-LEDESMA § | |

**ORDER GRANTING DEFENDANT'S MOTION TO
QUASH COUNTS 1, 3, AND 4 OF THE INDICTMENT**

THE COURT, having considered Defendant's Motion To Quash Counts 1, 3, and 4 of the Indictment, hereby:  (GRANT/DENIES) the said motion.

The Court hereby dismisses Counts 1, 3, and 4 of the Indictment and orders Defendant discharged from jeopardy on Counts 1, 3 and 4 of the indictment.

IT IS SO ORDERED.

Signed on: _____, 2023.

_____
HON. KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE