IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | NO.: EP-23-CR-00823 KC |
| ANTONIO SING-LEDEZMA | § | |

## DEFENDANT'S RENEWED MOTION TO QUASH/DISMISS COUNT III OF THE INDICTMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Antonio Sing-Ledezma and files this his Renewed Motion to Quash Count 3 of the Indictment pending against Defendant Antono Ledezma.

Defendant Sing-Ledezma, in support of his renewed challenge to Count 3 of the Indictment pending in this cause offers the Court the following.

### I.

On August 2, 2023, Defendant Sing-Ledezma filed his Motion to Quash and Dismiss Counts 1, 3, and 4 of the Indictment pending in this cause against Defendant Sing-Ledezma. (ECF No. 23). Given *Bruen*'s holding that if "the Second Amendment's plain text covers an individual's conduct," then "the

1

Constitution presumptively protects the conduct . . . and . . . [T}he government must then rebut the presumption and show that a challenged law or regulation "is consistent with the Nation's historical tradition of firearm regulation[,]" Defendant's Sing-Ledezma's initial pleading was brief and concise.

The Government submitted its response on August 21, 2023, filed as ECF No. 29.  On November 19, 2023, Defendant Sing-Ledezma filed his more thorough Reply to the Government's response, wherein Defendant Sing-Ledezma withdrew his challenge to Count III of the indictment, alleging violation of 18 U.S.C. 922 (g)(5)(a) – Possession of Ammunition by an Undocumented/Illegal Alien. (ECF No. 42).

This Court entered an Order, granting in part and denying in part, Defendant's Motion to Quash on December 11, 2023. (ECF No. 43).  Within the Order, the Court explicitly authorized Defendant Sing-Ledezma to renew his challenge to Count III of the indictment pending in this cause.  With this pleading, Defendant Sing-Ledezma renews his challenge to Count III of the indictment pending in this cause.

## II.

On page 12 of the Order dated December 11, 2023 and filed as ECF No. 43, the Court in recognizing authority from the Supreme Court recognizing that

ammunition, or "bullets," are subject to protections afforded by the Second Amendment, explained:

> As stated above in connection with the § 922(k) analysis, "[t]he amendment grants . . . the right 'to keep' firearms, and 'possession' is included within the meaning of 'keep.'" *Rahimi*, 61 F.4th at 454 (citing *Bruen*, 142 S. Ct. at 2134–35) (cleaned up); *see also Luis v. United States*, 578 U.S. 5, 26 (2016) (Thomas, J., concurring) *("The right to keep and bear arms . . . 'implies a corresponding right to obtain the bullets necessary to use them.'"* (quoting *Jackson v. City & Cnty. of S.F.*, 746 F.3d 953, 967 (9th Cir. 2014))). Section 922(g)(5)(A) thus regulates conduct covered by the text of the Second Amendment.

(Emphasis added).

More specifically, *Luis v. United States*, 578 U.S. 5, 26 (2016) recognized that:

"Constitutional rights thus implicitly protect those closely related acts necessary to their exercise. "There comes a point . . . at which the regulation of action intimately and unavoidably connected with [a right] is a regulation of [the right] itself." *Hill v. Colorado*, 530 U.S. 703, 745, 120 S. Ct. 2480, 147 L. Ed. 2d 597

(2000) (Scalia, J., dissenting). The right to keep and bear arms, for example, "***implies a corresponding right to obtain the bullets necessary to use them***," *Jackson v. City and County of San Francisco*, 746 F. 3d 953, 967 (CA9 2014) (internal quotation marks omitted), and "to acquire and maintain proficiency in their use," *Ezell v. Chicago*, 651 F. 3d 684, 704 (CA7 2011).

Defendant Sing-Ledezma, relying on this Court's references to Supreme Court authority, and on this Court' explicit invitation to renew his challenge to Count 3 of the indictment pending in this cause, renews his challenge to Count 3 of the Indictment as initially set out in ECF No. 23 filed on August 2, 2023. Defendant Sing-Ledezma relies on previously filed pleadings, briefing, and argument in support of his argument challenging Count I and Count 4 of the Indictment, and incorporates all arguments offered in support of his challenge to Count I and Count IV of the indictment.

## CONCLUSION

In conclusion, for all the reasons set forth in the instant motion, and in the previous defense submissions, Defendant Sing-Ledezma respectfully renews and requests that his Motion to Quash/Dismiss Count 3 of the Indictment be granted.

    Respectfully submitted,

    /s/ Eduardo Solis
    Eduardo Solis

>901 Wyoming Avenue
>El Paso, Texas 79902
>915-544-1818
>915-544-4068
>SBN: 00785012

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was filed with the U. S. District Clerk's Office for the Western District of Texas utilizing the Case Manager Electronic Case File (CM/ECF) system on this the 28th day of December 2023, thereby giving notice to all interested parties.

>/s/ Eduardo Solis
>Eduardo Solis

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § § § | NO.: EP-23-CR-00823 KC |
| ANTONIO SING-LEDEZMA | § | |

**O R D E R**

The Court, having reviewed and considered Defendant Antonio Sing-Ledezma's Renewed Motion to Quash/Dismiss Count 3 of the Indictment pending in this cause, as well as all previous pleadings filed by the parties and this Court' Order entered on December 11, 2023 and filed as ECF No. 43, hereby GRANTS Defendant Sing-Ledezma's Renewed Motion to Quash/Dismiss Count 3 of the Indictment pending in this cause.

IT IS SO ORDERED.

Signed: _____, 202__.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE