**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP:23-CR-823(1)-KC** |
| | § | |
| **ANTONIO SING-LEDEZMA** | § | |

**ORDER**

On this day, the Court considered the case. The Government has moved for a stay of all proceedings pending resolution of its appeal from the Court's December 11, 2023, Order, ECF No. 43, dismissing Count One of the Indictment, ECF No. 11. Gov't's Mot. Stay ("Gov't's Mot."), ECF No. 50; *see* Notice Appeal, ECF No. 49. Defendant has filed a Response, ECF No. 53, to which the Government has filed a Reply, ECF No. 68. Meanwhile, Defendant has moved to withdraw his pending Motion to Dismiss Count Three of the Indictment, ECF No. 48, as well as his challenge to Count One, which, as noted, has already been adjudicated and is the subject of a pending appeal by the Government.[1] *See* Def.'s Mot. Withdraw ("Def.'s Mot."), ECF No. 63. Defendant has also requested that the Court set this matter for re-arraignment. *Id.* at 3–4.

The Government has the right to an interlocutory appeal from an order dismissing one or more counts of an indictment. 18 U.S.C. § 3731. And "[a]n interlocutory appeal ordinarily suspends the power of the district court to modify the order subject to appeal, but does not oust district-court jurisdiction to continue with proceedings that do not threaten either the appeal's orderly disposition or its raison d'etre." 16A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3949.1 (5th ed. 2023); *accord Coinbase, Inc. v. Bielski*, 599 U.S. 739, 740 (2023) ("An

---

[1] Defendant also seeks to withdraw his challenge to Count Four. Def.'s Mot. 1, 3. But as Defendant acknowledges, the Court denied Defendant's challenge to Count Four, *see id.* at 3, rendering his withdrawal request moot.

appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'").  This "one-court-at-a-time rule," *United States v. Willis*, 76 F.4th 467, 471 (5th Cir. 2023), countenances limited exceptions, such as to correct clerical errors, *id.*, or in the case of a frivolous or unauthorized interlocutory appeal, Wright & Miller, *supra*, § 3949.1.

Here, the Court's December 11, 2023, Order dismissing Count One of the Indictment is squarely the subject of the Government's interlocutory appeal.  *See* Notice Appeal.  The Government has a right to pursue this appeal, because it seeks review of the partial dismissal of the Indictment.  18 U.S.C. § 3731.  And the Government's appeal is not frivolous—the Court's decision to dismiss Count One was made under a nascent, evolving framework that has been widely criticized as difficult to apply.  Dec. 11, 2023, Order 5 (citing Jacob D. Charles, *The Dead Hand of a Silent Past:* Bruen, *Gun Rights, and the Shackles of History*, 73 Duke L.J. 67, 78 (2023)).  Many courts have reached a different conclusion on the constitutionality of 18 U.S.C. § 922(g)(5), *see* Dec. 11, 2023, Order 35 n.14, and the Fifth Circuit may well adopt the Government's position.  Thus, the Court cannot grant Defendant's request to withdraw his challenge to Count One, which would require the substantive modification of the Order subject to appeal.  *See Coinbase*, 599 U.S. at 740.

On the other hand, Defendant's challenge to Count Three remains pending and unadjudicated.  The Government does not oppose Defendant's request to withdraw that challenge, Reply 4, and neither party provides any authority showing that the Court has been stripped of jurisdiction to permit Defendant to do so.  Therefore, Defendant's Motion is granted in part as to the request to withdraw the challenge to Count Three.

Finally, Defendant wishes to plead guilty to one or more counts in an effort to expedite

the resolution of this matter. *See* Def.'s Mot. 3–4. To the extent that Defendant wishes to enter a plea with respect to Count One, he cannot do so at this time. Count One remains dismissed, and for the reasons discussed above, the Court lacks jurisdiction to take any action with respect to Count One during the pendency of the Government's appeal. *See Coinbase*, 599 U.S. at 740. However, if Defendant wishes to enter a plea with respect to any other count, he may do so. The Government does not oppose Defendant's request to plead guilty to Counts Two and Four, and while it appears that the Government may oppose an attempt by Defendant to plead guilty to Count Three, such opposition is unjustified. *See* Reply 4. To be sure, the constitutionality of Count Three would appear to rise and fall with the constitutionality of Count One, as each was brought under the same statute. Nevertheless, only Count One has been dismissed, and only Count One is subject to appeal. Should Defendant choose to forego a challenge to Count Three, the Government has provided no authority showing that the Court lacks jurisdiction to accept his plea as to that count. *See generally* Reply.

But the Court's retention of jurisdiction to act with respect to Counts Two through Four is limited to acceptance of a plea and does not extend to entry of judgment or sentencing. While the Fifth Circuit does not appear to have addressed this issue, the Tenth Circuit has held that a district court lacks jurisdiction to proceed to judgment and sentencing on any non-dismissed counts following the Government's interlocutory appeal from the dismissal of one or more other counts. *United States v. Todd*, 446 F.3d 1062, 1063–66, 1069 (10th Cir. 2006). The Court finds *Todd* persuasive, because the Court will need to conduct additional proceedings prior to judgment and sentencing if the Fifth Circuit reverses and remands as to the dismissal of Count One.

Accordingly, the Court **ORDERS** that the Government's Motion to Stay, ECF No. 50, is

**GRANTED**.  All proceedings in this matter are **STAYED** pending resolution of the interlocutory appeal, except to the extent that Defendant desires to enter a guilty plea as to one or more of Counts Two, Three, and Four of the Indictment.  Defendant is **CAUTIONED** that while the Court may accept his plea at this stage, **the Court will not proceed to sentencing or judgment on any count until the resolution of the Government's interlocutory appeal**.

**IT IS FURTHER ORDERED** that any period of delay occasioned by the Government's interlocutory appeal is excludable time within the meaning of the Speedy Trial Act.  *See* 18 U.S.C. § 3161(h)(1)(C).

**IT IS FURTHER ORDERED** that Defendant's Motion to Withdraw, ECF No. 63, is **GRANTED** in part, **DENIED** in part, and **DENIED** as **MOOT** in part.  Defendant's Motion to Withdraw is **GRANTED** as to the request to withdraw the challenge to Count Three, **DENIED** as to the request to withdraw the challenge to Count One, and **DENIED** as **MOOT** with respect to the request to withdraw the challenge to Count Four.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Count Three of the Indictment, ECF No. 48, is **DENIED** as **MOOT**.

**SO ORDERED.**

**SIGNED** this 21st day of February, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4